Gholson, J.
The decision in the case of Ward v. Howard (ante, p. 158), so far disposes of the questions presented in this case, as to leave only one which we think it necessary to notice. That is, whether the case of the plaintiff is one for which the law provides the remedy of attachment. For, if it be not, the objection may be presented in a proper manner by ® subsequent attaching creditor; and for the reason given in *167 the case of Ward v. Howard, although there was error in the mode of presenting the question, and the proper time for presenting it does not appear to have arrived, yet we have considered it and are prepared to express an opinion.
The facts, we think, fairly justify the conclusion of the court, that the plaintiff’s claim arises out of an unliquidated partnership account, and the question as stated by the counsel for the plaintiff in error has to be met: “ Can one partner in an action against his copartner, to recover a general balance claimed upon an unsettled partnership account between them, have an order of attachment, as in other cases ?” This question is to be answered by a fair and liberal construction of the provisions of the code regulating the remedy of attachment.
It is evident, as shown in the case of Ward v. Howard, that the code has extended that remedy, not only by embracing legal cases in which the remedy had not before been allowed, but also equitable actions brought to recover money. It is also to be observed, that the code has in several instances distinguished between actions for the recovery of money, and actions for the recovery of money only. The remedy of attachment is allowed “ in a civil action for the recovery of money.” Now, an action may be brought for specific relief and also for the recovery of money. In such an action so far as the claim is for the recovery of money, we see no reason to suppose that an attachment may not be obtained.
A partner in a'dissolved firm, though he might know that he was indebted to the other partners, might maintain an action for the specific relief, of a settlement of the partnership business. If he believed that upon the settlement of the accounts a balance would be due to him from his partners, why might he not ask the same specific relief, and also a judgment for the money claimed to be due ? If he can do so, then to the extent of his claim to recover money, why should he not be entitled, like any other creditor, to the remedy of attachment?
That the claim is one which before the code could only be asserted in equity, constitutes no objection, for the distinction *168 between actions at law and suits in equity, is expressly abolished by the code, which permits but one form of action, to be called a civil action. Code, sec. 3. That he seeks specific relief and the recovery of money, is no objection. His action is none the less “ a civil action for the recovery of money.” Code, sec. 191. He may show what the code requires to authorize the granting an order of attachment — the nature of his claim — that it is just — the amount which he believes he ought to recover — and the existence of one of the grounds for attachment. Code, secs. 191-192. If a balance be really due to him-, if he has a just claim for money, there is no reason why he should not be secured and protected in his rights to the same extent as any other creditor, or person having a demand for money.
We think the case comes within the letter and spirit of the code, and that we are not called on, and would not be at liberty, to limit the operation of the code by reference to former practice, or even by the inconvenience which might be pointed out, as resulting from the application of one of its provisions to a particular case.
Objections have been made as to the mode in which the case of the plaintiff is presented in his petition. It is said he seeks to recover on the account of his copartner to the firm for one half of its amount, without reference td a settlement of the partnership business and accounts. We do not think such an objection is open to a Subsequent attaching creditor. It is not to be assumed that the court will render judgment on an improper claim, or on a claim not properly presented. After the judgment has been rendered, a subsequent attaching creditor may show, that, by fraud or collusion, it was allowed to be taken, when in truth no money was due, but he can not be heard to allege what would be merely error in the proceedings.
The judgment of the court of common pleas must be reversed.
Scott, C.J., and Sutliee, Peck and Bmnkerhoee, JJ., concurred.